Filed 6/17/21  P. v. Padilla CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>VICTOR PADILLA, JR.,<br><br>    Defendant and Appellant. | D077977<br><br><br><br>(Super. Ct. No. SCN104084) |

APPEAL from an order of the Superior Court of San Diego County, Joan P. Weber, Judge.  Affirmed.

Alex Kreit, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In October 2000, Victor Padilla pleaded guilty to one count of second degree murder (Pen. Code,[1] § 187, subd. (a)) and one count of premeditated attempted murder (§§ 664 & 187, subd. (a)).  The parties stipulated to a total sentence of 15 years to life in prison.  The factual basis for the pleas was the

---

[1]    All further statutory references are to the Penal Code.

transcript of the preliminary hearing. That record included testimony that Padilla fired a gun at the victims' car at least 10 to 15 times. Padilla was sentenced to the stipulated term of imprisonment.

Padilla appealed and this court affirmed the judgment in an unpublished opinion filed September 28, 2001. (*People v. Padilla* (Sept. 28, 2001, D037148) [nonpub. opn.].)

In 2019, Padilla filed a petition for resentencing under section 1170.95. The trial court appointed counsel, obtained briefing, reviewed the record of conviction, and this court's prior opinion. Ultimately, the court denied the petition by written order finding Padilla's admission of premeditation and intent to kill plus evidence he was one of the active participants in shooting the victims. The court found Padilla had not stated a prima facie case for relief under section 1170.95.

Padilla filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Padilla the opportunity to file his own brief on appeal, but he has not responded.[2]

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v .California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issue that was considered in evaluating the potential merits of this appeal: Did the trial court err by concluding that

---

[2]    A summary of the facts of the offenses is set forth in our prior opinion. We will not repeat them here.

Padilla had failed to make a prima facie showing that he is eligible for resentencing pursuant to section 1170.95?

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Padilla on this appeal.

DISPOSITION

The order denying Padilla's petition for resentencing under section 1170.95 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

DATO, J.